**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 02:47 PM November 15, 2013**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| PATRICIA A. MAZZARELLA, | ) | CASE NO. 13-61819 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

The City of Canton ("City") filed a $5,464.85 priority claim on July 30, 2013. Debtor objects to treatment of the full amount as priority. The court held a hearing on November 6, 2013, attended by attorney David Smith, on behalf of City, and James Galehouse, attorney for Debtor.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

### BACKGROUND

Debtor filed a chapter 13 case on July 18, 2013. On Schedule E, she included a debt of $5,001.94 owed to the City of Canton for income taxes for 2006-2011. The City filed a priority proof of claim for $5,464.85. At the hearing, the City provided the following information on the

1

filing dates:

| Tax year | Date filed |
|---|---|
| 2006 | April 19, 2007 |
| 2007 | April 15, 2008 |
| 2008 | February 2, 2009 |
| 2009 | July 2012 |
| 2010 – 2012 | Timely filed |

In her objection, Debtor contends that the tax debt for the years 2006-2009 are general unsecured claims. She also argues that any fines for taxes that do enjoy priority status, such as tax years 2010, 2011 and 2012, are not entitled to priority treatment. Debtor asserts only $1,266.12 is entitled to priority, while the balance of $4,198.73 should be treated as a general unsecured claim.

City contends that when Debtor entered into prepetition payment agreements with the City, she waived her rights to assert statute of limitations defenses. Effectively, she argues that entering into the payment agreements tolled the "aging" of the taxes so they cannot be removed from priority status. She relies on an order from another case, In re Roberg, Case No. 05-65621 (Bankr. N.D. Ohio Sept. 16, 2013), in support.

## **DISCUSSION**

Roberg is neither binding nor persuasive. Roberg was an unpublished order entered without any review or analysis by the court. *See, e.g.,* Nemir v. Mitsubishi Motors Corp., 381 F.3d 540 (6th Cir. 2004) (citing Webster v. Fall, 266 U.S. 507, 511 (1925) (other citation omitted)). Consequently, the court will undertake a *de novo* review of the issue presented.

Priority is determined under 11 U.S.C. § 507(a)(8). The statute grants priority status to

> allowed unsecured claims of governmental units . . . for a tax
> on or measured by income or gross receipts for a taxable year
> ending on or before the date of the filing of the petition –
>   (i)  for which a return, if required, is last due, including
>        extensions, after three years before the date of the
>        filing of the petition . . . .

11 U.S.C. § 507(a)(8)(A)(i). Using this definition, the taxes for 2010, 2011 and 2012 are priority debts.[1] City contends that the payment agreements "tolled" the three year lookback period in subsection (i), rendering the remaining years also priority claims.

---

[1] Per attached Exhibit A, taken from www.cantonincometax.com/tax/index/php, on November 13 2013, the tax return for tax year 2012 was due on April 15, 2013, the 2011 return was due April 17, 2012, and the 2010 return was due on April 18, 2011.

2

13-61819-rk    Doc 30    FILED 11/15/13    ENTERED 11/15/13 15:12:53    Page 2 of 6

The clear language of the statute does not support this interpretation. Palmer v. U.S., 219 F.3d 580 (6th Cir. 2000). However, in spite of the clear statutory language, in Young v. U.S., the Supreme Court sanctioned tolling of § 507(a)(8)(A)(i) during the time period when a bankruptcy case is pending. 535 U.S. 43 (2002). At least in part, the Supreme Court was motivated by the potential for debtor manipulation of the system: "a debtor can render a tax debt dischargeable by first filing a Chapter 13 petition, then voluntarily dismissing the petition when the lookback period for the debt has lapsed, and finally refiling under Chapter 7." Young, 535 U.S. 43, 46. The IRS is further shackled when automatic stay prevents collection activity. Recognizing this loophole, the Supreme Court authorized employment of equitable tolling but did not limit it to cases where debtor's intentions are at issue: "regardless . . . of whether the Chapter 13 petition was filed in good faith or solely to run down the lookback period . . . [i]n either case, the IRS was disabled from protecting its claim during the pendency of the Chapter 13 petition, and this period of disability tolled the three-year lookback period." Id. at 50-51. Prior to Young, the Sixth Circuit had also approved application of equitable tolling of § 507(a)(8)(A)(i) under its § 105(a) powers. Palmer, 219 F.3d 580. Finding no misconduct or manipulation by debtor, the Sixth Circuit upheld the bankruptcy court's decision not to toll the lookback. Id.

Until 2005, these cases provided the framework for tolling under § 507(a)(8)(A)(i) in this circuit. In the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Congress added a hanging paragraph, sometimes referred to as the "suspension" paragraph, to the end of § 507(a)(8):

> An otherwise applicable time period specified in this paragraph shall be suspended for any time period during which a governmental unit is prohibited under applicable nonbankruptcy law from collecting a tax as a result of a request by the debtor for a hearing and an appeal of any collection action taken or proposed against the debtor, plus 90 days; plus any time during which the stay of proceedings was in effect in a prior case under this title or during which collection was precluded by the existence of 1 or more confirmed plans under this title, plus 90 days.

Clearly, this paragraph codified cases such as Young and Palmer and tolls, as a matter of law, the lookback period for previous bankruptcy cases. Kolve v. I.R.S (In re Kolve), 459 B.R. 376 (Bankr. W.D. Wis. 2011); In re Lastra, 2012 WL 6681739 (Bankr. D. N.M. 2012). It also provides for the tolling of the lookback period when a governmental unit has been unable to collect a tax while a hearing request or appeal is pending. Unfortunately for City, it does not call for tolling based on the repayment agreement the City had with Debtor.

The statute is quite specific in outlining when tolling is permissible. Under the general canon of statutory construction *expressio unius est exclusion alterius*, "the specific mention of one thing in a statute implies an intent on the part of the legislature to exclude another." Warner v. Zent, 997 F.2d 116, 137 (6th Cir. 1993) (citing U.S. v. Silverman, 976 F.2d 1502, 1522 (6th Cir.

3

1992) (cert. denied, 113 S.Ct. 1595 (1993) (other citation omitted)). In the face of the statute's specificity, the court has no basis to allow suspensions of the lookback period for reasons not included in the statute.

From a policy standpoint, it is easy to understand that a governmental unit should not be penalized for a time period in which it is prohibited from collecting. See Cal. Franchise Tax Bd. v. Jones (In re Jones), 420 B.R. 506, 511 (B.A.P. 9th Cir. 2009). The City's voluntary, temporary relinquishment of rights to enforce collection through other legal means is not commensurate with an inability to collect. Additionally, one noted precept of § 507(a)(8) is to "balance three competing interests: those of general creditors, the debtor, and the tax collector." U.S. v. Montgomery, 475 B.R. 742, 746 (D. Kan. 2012) (citing In re Montgomery, 446 B.R. 475, 480 (Bankr. D. Kan. 2012) (citing S.Rep. No. 95-989, 14 (1978), U.S. Code Cong. & Admin. News 1978, p. 5787, reprinted in Vol. D. Collier on Bankruptcy App. Pt. 4(e)(i) (15th ed. rev. 2009)). Allowing the City to use the agreement to toll the statute unfairly tips the balance in favor of City. Here, City entered into several prepetition payment agreements with Debtor, dating from December 7, 2007 through January 11, 2013. Allowing the lookback period to be tolled for this period of time would allow the City to maintain its priority position over the general unsecured creditors for, in some instances, three times longer than normal. The consequence is that government units must apply payments to the oldest taxes and not extend plans beyond the payment period or they lose priority status.

For the above reasons, the court concludes that the repayment agreements between City and Debtor did not toll the three year lookback period in 11 U.S.C. § 507(a)(8)(A)(i). Consequently, only the taxes for 2010, 2011 and 2012 are entitled to priority status.

The remaining question is whether the fines associated with priority claims are also entitled to priority treatment. Section 507(a)(8)(G) grants priority to "a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss." A fine is generally not considered compensation for pecuniary loss, but imposed as a punishment or deterrent. Bair v. State of Ohio (In re Bair), 302 B.R. 564, 566 (Bankr. N.D. Ohio 2003) (citations omitted). Debtor prevails on this point.

## **CONCLUSION**

Debtor's objection to City's proof of claim is well-taken. The three year lookback period in § 507(a)(8)(A)(i) was not tolled by the prepetition repayment agreements executed between Debtor and City. Consequently, only the taxes for 2010, 2011 and 2012 are entitled to priority treatment. Debtor is also correct in her assertion that the fines associated with those taxes are not priority claims. The taxes are not compensation for actual pecuniary loss and therefore are not those described in § 507(a)(8)(G).

Debtor's objection will be sustained by separate order.

#    #    #

**Service List:**

James R. Galehouse
401 W. Tuscarawas St. NW
Suite 400
Canton, OH 44702

Toby L Rosen, Trustee
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702

David L. Smith
Asst. Prosecutor, Canton Law Department
218 Cleveland Ave., S.W.
P.O. Box 24218
Canton, OH  44701-4218



# www.cantonincometax.com

# Income Tax

Yearly Forms - Online Filing - Calendar - FAQ - Review Board
Taxable/NonTaxable Income - New Acct. Apps. - Ordinances - Links

**Please select from one of the above or below options**

- Electronic Payment System
    - NEW Online Payment of Corporate Tax Balance or Quarterly Estimates
    - Online Payment of Personal Tax Balance or Quarterly Estimates
    - Online Payment of Withholding Taxes
- Personal Online Filing Forms
    - **Tax Year 2012** - Filing was due on April 15th, 2013. A $25 late filing fine and interest penalty may apply.
    - **Tax Year 2011** - Filing was due on April 17th, 2012. A $25 late filing fine and interest penalty may apply.
    - **Tax Year 2010** - Filing was due on April 18th, 2011. A $25 late filing fine and interest penalty may apply.
    - **Tax Year 2009** - Filing was due on April 15th, 2010. A $25 late filing fine and interest penalty may apply.
    - **Tax Year 2008** - Filing was due on April 15th, 2009. A $25 late filing fine and interest penalty may apply.
    - **Tax Year 2007** - Filing was due on April 15th, 2008. A $25 late filing fine and interest penalty may apply.
    - **Tax Year 2006** - Filing was due on April 17th, 2007. A $25 late filing fine and interest penalty may apply.
- Yearly Forms - Personal and Corporate forms
- Tax Calendar - Important dates for all taxpayers
- FAQ - Frequently Asked Questions about taxation
- Review Board - Learn about the Tax Review Board and meet its members
- Taxable/Non Taxable Income - Help with determining what is or is not taxable income
- New Account Applications - Determine your tax status as a individual, business, or rental owner
- Tax Ordinances - Links to the City of Canton Tax Ordinance
- Links - Links to important taxation websites

**EXHIBIT A**

Copyright 2013 - City of Canton Treasury Department
All rights reserved - email: cantontax@cantonohio.gov